OPINION OF THE COURT
Patrick J. Cunningham, J.
decision/order
The defendants have moved to inspect the minutes of the Grand Jury that indicted them on two counts in violation of the Donnelly Act (General Business Law, §§ 340, 341) and to dismiss that indictment. The court has granted the motion to inspect to the extent of doing so in camera in order to ascertain their sufficiency and compliance with CPL 190.65.
The indictment sets forth that during all or part of the time alleged, defendant Eastern Ambulance Service, Inc. (Eastern) was regularly engaged in the business of furnishing private ambulance service and private wheelchair transportation service to the residents of Onondaga *822 County and that defendants Martin A. Yenawine (Yenawine) and Robert A. Barnes, II (Barnes), were officers of the corporate defendant, Eastern.
The first count of the indictment refers to “Combination in Restraint of Trade (Market Allocation) * * * beginning at least as early as October 1979 and continuing thereafter at least until June 1982, the exact dates being unknown” that the defendants and coconspirators entered into “a contract, agreement, arrangement or combination between and among themselves whereby competition, business, trade and the furnishing of private ambulance and private wheelchair transportation services within the County of Onondaga in the State of New York have been unreasonably restricted in violation of General Business Law Section 340.” Both counts set forth that there are unindicted coconspirators who “performed acts and made statements in furtherance of the crime charged.”
The acts of the defendant, in the first count, are alleged to be a continuing agreement and that the defendants and coconspirators have discussed with one another allocation, established an allocation, engaged in assurances and refrained from performing except in accordance with the allocation, pursuaded others to join them and requested governmental action in support of their position. The results of such acts are alleged to restrain, suppress or eliminate competition for markets, services, territories or customers and deprived customers of the ability to purchase the service in free, open and competitive markets, and monopolistic market structure have been fostered instead of numerous independent entities competing with each other.
The second count of the indictment accuses the defendants of “Combination in Restraint of Trade and Competition (Conspiracy to Monopolize)” the business being private ambulance service. They are charged with having conspired to monopolize by entering into an agreement whereby defendant Eastern agreed to withdraw from the private wheelchair transportation services and coconspirators agreed not to compete in the private ambulance service market. They are also accused of filing objections in administrative proceedings to injure or destroy actual or *823 potential competition and engaging in other overt acts. The results of such conduct are claimed to be the same as in the first count of the indictment.
The court is concerned with how the conduct of the defendants can be raised to a level of criminal liability. To make defendants conduct a crime, the people of the geographical area affected must have suffered, or could have suffered, some form of harm. In order to proscribe ordinary reasonable conduct, business or personal, it must be completely clear what it is that is prohibited.
The monopoly statutes enter into the historic freedom óf operating in the market place in a manner that is profitable for the operator. The mere doing of an act, without consideration of the reasons therefor and the results thereof, as the corpus delicti of the crime must be carefully examined. The version advanced by the people of defendants’ culpable conduct is that defendants, without causing any identifiable harm to the community or any person thereon, committed a crime by reason of the fact that they attempted to divest themselves of some very unprofitable portions of their business and recoup some of their capital investment in equipment. The business disposed of would be carried on by others already in the marketplace resulting in no loss of service to the public. No allegation of any damage by reason of cost increase or unavailability of service is made or inferable.
The key element of the case advanced by the prosecution is that what defendants did is criminal per se regardless of lack of harm to the public at large. The defendants are not a nonprofit organization yet they are being prosecuted for exercising a business judgment to stop a part of their operations. The prosecution appears to be claiming that if there were no one else to pick up that business it would be legal to get rid of it, but if they make sure there is someone else to do the work it is illegal.
The court is of the opinion that the entire matter must be examined under the “Rule of Reason”. To do otherwise would be to apply the so-called “per se” rule that would empower the prosecutor to choose what conduct is illegal. It is for the courts to identify what is harmful on a case-by-case basis. The courts are as fallible as everyone else, but *824 they are structured so that errors are dealt with in an orderly fashion within the judicial process. That is the function of judiciary.
The Attorney-General is an integral part of the Executive Branch, while still being an officer of that Judicial Branch, with duties that are prescribed by our State Constitution and by legislative enactment. I find no provision providing the Attorney-General with the authority to make per se determinations as to violations of the General Business Law. He provides advisory opinions as Attorney-General in a multitude of situations, but those are totally different from this situation and, in any event, would not be binding on the courts.
The People urge upon the court the proposition that the words “conspiracy to” and “combination of two or more” are one and the same in meaning. “Combination” is a word that has been spoken and written when referring to monopolies for the entire history of that concept. “Conspiracy” is a word that has developed a specific legal significance and meaning by statute, case law, and usage. There are times when the words could be loosely considered as analogous, but not synonomous. When dealing with criminal statutes and proscribed conduct, it must be presumed that the Legislature, in using them, intended the proper and exact meaning and usage. Loose meaning does not allow for an understanding of any accusatory instrument or meet legislative intent.
There is no need to send a case on for trial if the court, accepting all legal evidence presented to the Grand Jury or otherwise advanced, can find nothing to sustain the charges attempted to be laid. Taking everything presented at face value and giving it every favorable inference for the People, the court cannot find sufficient allegations of wrongdoing to meet the tests of the “Rule of Reason”.
In actuality, the Grand Jury minutes reflect that the conduct complained of in the indictment does not rise to the level of criminal culpability. It is more in the nature of an attempt by the involved parties to survive economically in a business decimated by inflation, soaring costs of equipment, and intense competition from various community sponsored services. The only viable cost efficient market *825 for ambulance service in the geographical area allotted is the City of Syracuse. This area is, and has been for many years, serviced almost exclusively by defendant Eastern. The low profit margin and initial capital requirement of over $300,000 provided a simple, practical deterrent for new investment in the ambulance business. At Eastern, all executives are fully trained and perform menial tasks to survive and compete. A simple business judgment was agreed on in 1979 for the benefit and best interest of all concerned to service as best they could their remaining market areas. This judgment does not render them criminally liable.
That is not the only problem that this court finds with the indictment. What appears to emerge from the allegations and the evidence presented to the Grand Jury is an attempt to charge a conspiracy to engage in conduct violative of sections 340 and 341 of the General Business Law. The conduct is alleged to have begun at least as early as October, 1979 with the indictment having been found on May 5,1983. The applicable Statute of Limitations is three years. The violation of the General Business Law had to take place at some chronological point and must be cited in the period between May 4, 1980 and May 5, 1983 in order to avoid the limitations for prosecution. It is clear in this case that the violation, if any, took place in 1979 and while such violative actions may have had an effect beyond that time that is true with a great many crimes and does not offer a means of extending or tolling the applicable limitations of time. The indictment does not charge a Penal Law conspiracy (§ 105.00) and the alleged crime does not run on continually to avoid the limitations by looking to the last performance under a conspiracy.
There is no charge, however, of conspiracy here under the provisions of the Penal Law or any other applicable statute.
The People have chosen the General Business Law as their exclusive vehicle for prosecution. Those sections do not use the word conspiracy as prohibitive. There is a conspiracy section that is usable with any crime, but the People and Grand Jury chose not to use it here. (Penal Law, § 105.00.)
*826 Conspiracy cannot be said to be a lesser included offense of the crimes charged as that would clearly be a charge of conspiracy to conspire to commit a crime. The next step is to look at the use of section 340 of the General Business Law and attempt to gauge what is attempted to be made of it by the additions of the conspiracy allegations. That again brings us to the brink of the conspiracy to conspire principle on which this indictment seemingly rests. The court feels that on that ground, as well, the indictment cannot survive and must fall into that unallowable pit.
So we have here as bars to the prosecution, a Statute of Limitations, a conspiracy attempt to be charged to avoid the Statute of Limitations, and actions that are neither unreasonable nor spell out a crime.
The court is convinced that further exploration of these charges might yield further fruitful reasons to dismiss this indictment, but such further review is not needed.
For the reasons stated above, the court grants the motions of the defendants to dismiss the indictment in its entirety. The grounds for such dismissal are as hereinbefore stated. No time to resubmit is granted.